UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 25-23747-CIV-MARTINEZ/SANCHEZ

XYZ CORPORATION,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

    Defendants.
_____/

### REPORT AND RECOMMENDATION ON PLAINTIFF'S *EX PARTE* MOTION FOR ENTRY OF PRELIMINARY INJUNCTION

This matter is before the Court on Plaintiff Hangzhou Jianjia Household Products Company Limited's *Ex Parte* Motion for Entry of Preliminary Injunction. ECF No. 17.[1] Plaintiff seeks entry of a preliminary injunction, including entry of an order restraining assets, against Defendants,[2] based on alleged design patent infringement, pursuant to the Patent Act (35 U.S.C. § 271), Fed. R. Civ. P. 65, and the All Writs Act, 28 U.S.C. § 1651(a).

The Court held a hearing on October 9, 2025, at which only counsel for Plaintiff was present and available to provide evidence supporting Plaintiff's motion. Defendants have not responded to Plaintiff's motion, have not made any filings in this case, and have not appeared in

---

[1] Judge Martinez referred Plaintiff's *Ex Parte* Motion for Entry of Preliminary Injunction to the undersigned. ECF No. 21.

[2] The Defendants are the Individuals, Partnerships, and Unincorporated Associations identified on the Amended Schedule "A" to the Amended Complaint, except that Defendants MEKBOK (Def. No. 37) and ShenzhenshiMashangchongKejiYouxiangongsi (Def. No. 38) have been dismissed from this case, ECF Nos. 45, 46, and are not subject to the injunctive relief addressed in this Report and Recommendation. ECF No. 29-2; *see also* ECF No. 15-2. A Revised Amended Schedule "A" listing the Defendants that are subject to this Report and Recommendation is attached hereto.

this matter, either individually or through counsel. Having reviewed Plaintiff's motion, the pertinent portions of the record, the relevant legal authorities, and for the reasons discussed below, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's *Ex Parte* Motion for Entry of Preliminary Injunction, ECF No. 17, be **GRANTED**.

## I. FACTUAL BACKGROUND

Plaintiff is the owner of all right, title, and interest in a federal design patent for an "ornamental design for a cleaning brush" ("Plaintiff's Patent"). ECF No. 17-1 at ¶¶ 4-5 (declaration of Sen Wang); ECF No. 15-1 (certificate of patent registration); *see also* ECF No. 15 at ¶¶ 2, 7. Plaintiff registered its Patent with the U.S. Patent and Trademark Office under registration number US D1,002,198 S. ECF No. 17-1 at ¶¶ 4-5; *see also* ECF No. 15-1; ECF No. 15 at ¶¶ 2, 7, 19-20.

Defendants, through e-commerce stores operating under the seller aliases identified in the Revised Amended Schedule A attached hereto (the "Seller IDs"), *see* ECF No. 29-2, have promoted, advertised, distributed, sold and/or offered for sale goods using and/or embodying counterfeits, infringements, or unauthorized reproductions of Plaintiff's Patent. ECF No. 17-1 at ¶¶ 8, 10-15; ECF No. 17-2 at ¶ 5 (declaration of Michael Feldenkrais); ECF No. 17-2 at 5-288 (web page captures); *see also* ECF No. 15 at ¶¶ 3, 27.

Plaintiff submitted sufficient evidence showing that each Defendant infringed on Plaintiff's Patent. ECF No. 17-1 at ¶¶ 10-15; ECF No. 17-2; *see also* ECF No. 15 at ¶¶ 18-29. Defendants are not and have never been authorized or licensed to use Plaintiff's Patent. ECF No. 17-1 at ¶ 15; *see also* ECF No. 17-1 at ¶ 10; ECF No. 15 at ¶¶ 22, 27, 29.

Plaintiff investigated the promotion and sale of infringing and counterfeit versions of Plaintiff's Patent by Defendants. *See* ECF No. 17-1 at ¶¶ 10-14. Plaintiff or someone under its supervision accessed the e-commerce stores operating under Defendants' Seller IDs and captured detailed web page screenshots of the infringing products that Defendants were offering for sale,

which used unauthorized and infringing copies of Plaintiff's Patent. *Id.* at ¶¶ 11-15; ECF No. 17-2 at ¶ 5; *see also* ECF No. 17-2 at 5-288. Plaintiff also visually inspected the screenshots of the products, verified that each Seller ID offered shipping to the United States, and determined the products used unauthorized versions of Plaintiff's Patent. ECF No. 17-1 at ¶¶ 11-14; ECF No. 17-2 at 5-288.

## II.  LEGAL STANDARD

Plaintiff seeks a preliminary injunction pursuant to Federal Rule of Civil Procedure 65. To obtain a preliminary injunction, Plaintiff must establish "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995).

As outlined below, Plaintiff submitted sufficient evidentiary support to warrant enjoining Defendants from engaging in the alleged infringing activities. *See, e.g.*, *Louis Vuitton Malletier, S.A. v. Lin*, No. 10-61640-CIV-HUCK, 2010 WL 11550032 (S.D. Fla. Sept. 2010) (granting preliminary injunction against the defendants who failed to respond or appear in the case after the plaintiff presented sufficient evidence of infringing activity to support its motion for preliminary injunction).

## III.  ANALYSIS

The declarations and exhibits that Plaintiff submitted in support of its motion support the following conclusions:

A. Plaintiff has a substantial likelihood of success on the merits of its claims. Plaintiff has a strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, sale, offer for sale, and/or distribution of goods

3

embodying Plaintiff's Patent, and that the products Defendants are selling and promoting for sale are counterfeit products embodying Plaintiff's Patents.

B. Because of the infringement upon Plaintiff's Patent, Plaintiff is likely to suffer immediate and irreparable injury if a preliminary injunction is not granted. The following specific facts, as set forth in Plaintiff's amended complaint, the Plaintiff's motion for entry of preliminary injunction, and the accompanying declarations and exhibits, demonstrate that immediate and irreparable loss, damage, and injury will result to Plaintiff and to consumers if a preliminary injunction is not issued:

   i. Defendants own or control e-commerce stores operating under their Seller IDs which advertise, promote, offer for sale, and sell products to customers in the United States embodying Plaintiff's Patent in violation of Plaintiff's patent rights;

   ii. There is good cause to believe that more infringing products embodying Plaintiff's Patent will appear in the marketplace; that consumers are likely to be misled or confused by these products; and that Plaintiff may suffer loss of sales for its genuine products, loss of quality control over products using Plaintiff's Patent, and damage to Plaintiff's goodwill.

C. The balance of potential harm to Defendants in restraining their trade in counterfeit and infringing goods and freezing their ill-gotten profits if a preliminary injunction is issued is far outweighed by the potential harm to Plaintiff, its reputation, and goodwill if such relief is not issued.

D. The public interest favors issuance of a preliminary injunction to protect Plaintiff's legitimate patent interests, prevent consumer confusion, encourage respect for the law, facilitate the invention and development of innovative products, and protect the public from being defrauded by the palming off infringing goods as Plaintiff's genuine goods.

E. Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987 (citing *Federal Trade Commission v. United States Oil & Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

F. In light of the likelihood that Defendants have violated federal patent laws, there is good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

## IV.   CONCLUSION

For the foregoing reasons, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's *Ex Parte* Motion for Entry of Preliminary Injunction, ECF No. 17, be **GRANTED**. The undersigned further recommends that the preliminary injunction provide as follows:

(1)   Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with Defendants be preliminarily enjoined and restrained from:

a. Manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any product embodying or bearing reproductions or copies of Plaintiff's Patent; and

b. Secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff, that consist of or embody copies or counterfeits of Plaintiff's Patent; (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products that consist of or embody copies or counterfeits of Plaintiff's Patent; or (iii) any assets or other financial accounts subject to this Preliminary Injunction, including inventory assets, in the actual or constructive

5

      possession of, or owned, controlled, or held by, or subject to access by, any Defendant, including, but not limited to, any assets held by or on behalf of any Defendant; and

(2) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Preliminary Injunction shall immediately discontinue, until further order of this Court, the use of any unauthorized copies of Plaintiff's Patent on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller IDs.

(3) Each Defendant shall not transfer ownership of the Seller IDs during the pendency of this action, or until further order of the Court.

(4) Upon receipt of this Preliminary Injunction, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms that are providing services to any Defendant, including but not limited to Amazon, Walmart, and Temu, and their related companies and affiliates (collectively, the "Third Party Providers"), shall immediately, to the extent not already done:

    a. Restrain the transfer of all funds, including funds relating to ongoing account activity, held or received for Defendants' benefit or to be transferred into Defendants' respective financial accounts, restrain any other financial accounts tied thereto, and immediately divert those restrained funds to a holding account for the trust of the Court. Such restraining of funds and the disclosure of the related financial institution account information (as provided below) shall be made without notice to the account owners or the financial institutions until after

6

        those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by any Third Party Provider for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of this Court.

    b. Provide Plaintiff's counsel with the following: (i) the identity of all financial accounts and/or sub-accounts associated with the Internet based e-commerce stores operating under the Seller IDs Identified on the Revised Amended Schedule "A" attached hereto, as well as any other accounts of the same customer(s); and (ii) an accounting of the total funds restrained and identities of the financial account(s) and sub-account(s) for which the restrained funds are related.

(5) This Preliminary Injunction shall apply to the Seller IDs listed in the Revised Amended Schedule "A" attached hereto, associated e-commerce stores and websites, and any other seller identification names, e-commerce stores, websites, or financial accounts that are being used by Defendants for the purpose of infringing on Plaintiff's Patent.

(6) This Preliminary Injunction shall remain in effect during the pendency of this action or until such further date set by the Court.

(7) Any Defendant that is subject to this Preliminary Injunction may appear and move to dissolve or modify the Preliminary Injunction and the asset restraint set out in the Preliminary Injunction in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida. Any third party impacted by this Preliminary Injunction may also move for appropriate relief.

(8) Plaintiff shall maintain its previously posted bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), to pay for any costs or damages to which any

7

party may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until this Preliminary Injunction is terminated. In the Court's discretion, the bond may be subject to increase should a motion be made in the interest of justice.

Pursuant to Local Magistrate Rule 4(b), the Court finds good cause to EXPEDITE the period to serve and file written objections to this Report and Recommendation, if any, with the Honorable Jose E. Martinez, United States District Judge. Accordingly, the parties shall have **until October 15, 2025,** to file and serve any written objections to this Report and Recommendation. Failing to file timely objections will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, on this 9th day of October 2025.

_____
EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Jose E. Martinez
    Counsel of Record

| Def. No. | Platform | Seller Name | Store URL |
|---|---|---|---|
| 1 | Amazon | VIDONIO | https://www.amazon.com/sp?ie=UTF8&seller=A343R43KPLJWPY |
| 2 | Amazon | XANGNIER | https://www.amazon.com/sp?ie=UTF8&seller=A37X52MF3F8AUH |
| 3 | Amazon | HTVART | https://www.amazon.com/sp?ie=UTF8&seller=A1KZ9EFJ4XYT52 |
| 4 | Amazon | banana1211 | https://www.amazon.com/sp?ie=UTF8&seller=A3VLGE01T2WL3D&asin=B0CLR2K1G2&ref |
| 5 | Amazon | DUNJIE Co.,Ltd. US | https://www.amazon.com/sp?ie=UTF8&seller=A2ND7WGGATB7SN&asin=B0BN8KNF58&ref_=dp |
| 6 | Amazon | Aceem-shop | https://www.amazon.com/sp?ie=UTF8&seller=A17NA3R4DIFNHZ&asin=B0CP1561F3&ref_=dp |
| 7 | Amazon | Shennai co., ltd | https://www.amazon.com/sp?ie=UTF8&seller=AMFYWSBCJQ734&asin=B0CRD4VC1H&ref_=dp |
| 8 | Amazon | liangliangone | https://www.amazon.com/sp?ie=UTF8&seller=A19JQ3K8JSHNDT&asin=B0C46MY3YQ&ref_=dp |
| 9 | Amazon | ARAINY | https://www.amazon.com/sp?ie=UTF8&seller=A2C83369KS7K8O&asin=B0BMPDXYMN&ref_=dp |
| 10 | Amazon | BEABOY | https://www.amazon.com/sp?ie=UTF8&seller=A1OLDLVEQTZCAO&asin=B0CQQDWG6K&ref_=dp |
| 11 | Amazon | Yizerel | https://www.amazon.com/sp?ie=UTF8&seller=A3O4LXPNHQBG95&asin=B0CPCMKNST&ref_=dp |
| 12 | Amazon | Liangduan e-commerce | https://www.amazon.com/sp?ie=UTF8&seller=A2886UA25HWBQA&asin=B0BQH9T5JX&ref_=dp |
| 13 | Amazon | RONYOUNG | http://amazon.com/sp?ie=UTF8&seller=A1TDII0AULBGWB&asin=B0CPXS3MBG&ref_=dp |
| 14 | Amazon | JUPITER WARRIOR Store | https://www.amazon.com/sp?ie=UTF8&seller=AT2UJAXI9THS9&asin=B0BNQV4BS4&ref_=dp |
| 15 | Amazon | Qishi e-commerce | https://www.amazon.com/sp?ie=UTF8&seller=AAAXOUUPG27V1&asin=B0CZPF523V&ref_=dp |
| 16 | Amazon | GZ Hemaisu | https://www.amazon.com/sp?ie=UTF8&seller=AB4Y0NTNJNSS7&asin=B0BN7K84MV&ref_=dp |
| 17 | Amazon | HONGFUYUAN | https://www.amazon.com/sp?ie=UTF8&seller=A909I24G9U3BM&asin=B0CMR3XQN1&ref_=dp |
| 18 | Amazon | HuZliLian | https://www.amazon.com/sp?ie=UTF8&seller=A111GE05OK8V9T&asin=B0BMXHNWLK&ref_=dp |
| 19 | Amazon | MENGZHIYUNSHANGPU | https://www.amazon.com/sp?ie=UTF8&seller=AZ72CSQK8QXRQ&asin=B0CHMKPNTG&ref_=dp |
| 20 | Amazon | Hiyniaz | https://www.amazon.com/sp?ie=UTF8&seller=A27KX1KFGEJ0Q1&asin=B0DB1Q3JCR&ref_=dp |
| 21 | Amazon | HAOYOUDI | https://www.amazon.com/sp?ie=UTF8&seller=A1FMG2U2F89BDH&asin=B0F1N2BTSH&ref_=dp |
| 22 | Amazon | ToGeeKa | https://www.amazon.com/sp?ie=UTF8&seller=A20XM3M0WKTKIY&asin=B0DMVBT3L5&ref_=dp |

| # | Platform | Seller | URL |
|---|---|---|---|
| 23 | Amazon | bskynho | https://www.amazon.com/sp?ie=UTF8&seller=A1FWVPN663C3B9&asin=B0C9QPQPJ5&ref_=dp |
| 24 | Amazon | WidgetWow | https://www.amazon.com/sp?ie=UTF8&seller=AJI99I4FYW8AT&asin=B0DFYRTHN7&ref_=dp |
| 25 | Amazon | Thomas Zack Yang | https://www.amazon.com/sp?ie=UTF8&seller=A38SSFCRCBKLEZ&asin=B0DR85GLF2&ref_=dp |
| 26 | Amazon | sagill | https://www.amazon.com/sp?ie=UTF8&seller=AG13BC01YJVJI&asin=B0BPYBP6G3&ref_=dp |
| 27 | Amazon | yangjiangshixihanglingshangmaoyouxiangongsi | https://www.amazon.com/sp?ie=UTF8&seller=ALZYMAJ9THI1E&asin=B0BMQDBTMQ&ref_=dp |
| 28 | Amazon | XTTIUN | https://www.amazon.com/sp?ie=UTF8&seller=A1EQV3957OM3HX&asin=B0DB5XR527&ref_=dp |
| 29 | Amazon | suizhoushidingliandianzishangwuyouxiangongsi | https://www.amazon.com/sp?ie=UTF8&seller=A3MJQM6PPE97X4&asin=B0DJLHZ3QH&ref_=dp |
| 30 | Amazon | BIHAOYONG | https://www.amazon.com/sp?ie=UTF8&seller=ABD4M6CDYYVZ3&asin=B0CNNHJPFX&ref_=dp |
| 31 | Amazon | 宇呈貿易 (7-12日配達) | https://www.amazon.com/sp?ie=UTF8&seller=A1AJKKCTRLUJW7&asin=B0BMVCHTNQ&ref_=dp |
| 32 | Amazon | BSFRNF | https://www.amazon.com/sp?ie=UTF8&seller=A1YUVHWCLY1PIH&asin=B0DMHG6QBQ&ref_=dp |
| 33 | Amazon | Holikme Store | https://www.amazon.com/sp?ie=UTF8&seller=A2SR39RXU22X19&asin=B0C1S8WP4X&ref_=dp |
| 34 | Amazon | xyhui-US | https://www.amazon.com/sp?ie=UTF8&seller=A24PUZD6WVFIKP&asin=B0DCV3DV5L&ref_=dp |
| 35 | Amazon | guizhouleijie | https://www.amazon.com/sp?ie=UTF8&seller=A3PWNH9JT8BZ19&asin=B0DBQDYXG3&ref_=dp |
| 36 | Amazon | SNOWMOON | https://www.amazon.com/sp?ie=UTF8&seller=A2EL6WTLQ19JDJ&asin=B0DJQ9M24Z&ref_=dp |
| | ███████ | ███████ | ███████████████████████████ |
| | ███████████████████████████████████████████████████ | | |
| 39 | TEMU | dhuncu | https://www.temu.com/dhuncu-m-634418222990977.html? |
| 40 | TEMU | chchjhcv | https://www.temu.com/chchjhcv-m-634418222550805.html? |
| 41 | TEMU | Forricher | https://www.temu.com/forricher-m-634418222598526.html? |
| 42 | TEMU | LinJscribe | https://www.temu.com/linjscribe-m-634418224730109.html? |